# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

In the matter of the seizure of:

**$45,000 in United States currency**.

Case No. 21-SW-00444-LMC

### AFFIDAVIT IN SUPPORT OF AN APPLICATION
### FOR A SEIZURE WARRANT

I, Jennifer Waller, being duly sworn state the following:

**Affiant's Background and Qualifications**

1. I am currently a Special Agent (SA) with the Drug Enforcement Administration ("DEA"), employed since October 2017, and I am currently assigned to the DEA Kansas City District Office, Saint Louis Field Division as part of the DEA Kansas City Interdiction Task Force (DEA KCITF). As a Special Agent with the DEA, my duties include the investigation of violations of federal laws concerning the transportation, importation, manufacture, possession, and distribution of controlled substances as defined by Title 21, United States Code, including marijuana, methamphetamine, cocaine, heroin, fentanyl, and other dangerous drugs.

2. I have received training specific to financial investigations. This training included financial investigations seminars given by the Money Laundering and Asset Recovery Section of the United States Department of Justice. As a result, I have an understanding of all aspects of money laundering, which includes bulk cash smuggling. Since my assignment with the DEA, I have received several hours of training specific to conducting interdiction investigations. This training has primarily come via the Domestic Highway Enforcement initiative. This training has provided me with knowledge of the most current trends and legal concerns surrounding narcotics and bulk cash smuggling.

## Purpose of Affidavit

3. I submit this affidavit in support of an application for a federal seizure warrant for $45,000 in United States currency seized by a Kansas City Police Department (KCPD) detective conducting interdiction investigations at the UPS Overgoods facility in Kansas City, Jackson County, Missouri on September 8, 2021.

4. Based on the facts set forth in this affidavit, I submit that probable cause exists to believe that the $45,000 in United States currency constitutes or is derived from proceeds of illegal drug distribution or was used or intended to be used to facilitate illegal drug distribution in violation of 21 U.S.C. § 841, *et seq.*, and is subject to both civil and criminal forfeiture pursuant to 21 U.S.C. § 853 (criminal forfeiture) and 21 U.S.C. § 881(a)(6) (civil forfeiture).

## Summary of Facts

5. On September 8, 2021, Kansas City Missouri Police Department (KCPD) Detective Antonio Garcia and his narcotics detecting canine, "Zeus," responded to UPS Overgoods to conduct a sniff check of several parcels prior to processing.

6. Canine Zeus is a two-year old German shepherd trained and certified to alert to the odor of marijuana, cocaine, methamphetamine, and heroin. Canine Zeus was most recently certified on May 5, 2021, by the National Canine Police Association. Canine Zeus has assisted in the seizure of 7,528.9 pounds of marijuana, 2,095.3 pounds of Tetrahydrocannabinol (THC) Oil, 295.8 pounds of Methamphetamine, 491 tablets of Ecstasy, 117.7 pounds of Cocaine, 52.7 pounds of Heroin, 19.1 pounds of Fentanyl, 57,485 tablets of Fentanyl, 5 Gallons and 2 Quarts of Phencyclidine (PCP), and $1,993,417.00 in United States currency.

7. The UPS Overgoods facility is located at 1449 Southern Road, Kansas City, Jackson County, Missouri. UPS is a private company, and the UPS Overgoods facility is an off-site warehouse that in-takes parcels missing identifiable air bills or those abandoned

by the sender or recipient. Parcels that are sent to the Overgoods facility are opened, inspected, and documented in a database. All items that are not claimed are eventually liquidated for sale. Arriving packages are opened by the Overgoods facility employees for inspection and processed for further distribution.

8. Detective Garcia deployed canine Zeus to conduct free-air sniffs of parcels. While conducting these sniff checks of various parcels, Zeus came into contact with the parcel in question (hereinafter referred to as "the parcel"), which was placed among other, unrelated parcels present at the Overgoods facility.

9. Canine Zeus immediately sat when he came into contact with the parcel, which indicates a positive alert to the odor of narcotics in or about the parcel.

10. The label on the parcel showed that it was shipped from H. Freeman, Codwell Cyber, 1319 Jamestown Road, Williamsburg, VA 23185. The label showed the parcel was being shipped to Envy Auto, 1019 Elberta Street Houston, TX 77051, with tracking number 1Z 11R 9W7 01 1984 8883. The parcel weighed approximately twelve pounds, measuring 14 x 14 x 14 x inches.

11. UPS security opened the parcel and KCPD Detective Garcia and UPS security observed the parcel to contain a second cardboard box. UPS security opened the second cardboard box and located a white bucket with a red lid. UPS security then opened the bucket, and UPS security and KCPD Detective Garcia observed five bundles wrapped together in clear cellphane inside the bucket. Once the initial layer of clear cellophane was removed, UPS security and KCPD Detective Garcia observed three bundles wrapped in purple duct tape and two bundles wrapped in blue duct tape, for a total of five bundles. UPS security then cut a corner of each of the five bundles and observed that they contained United States currency. Each bundle was also wrapped in another layer of clear cellophane underneath the duct tape as depicted below.



12. Based on KCPD Detective Garcia's training and experience, the manner in which the currency was packaged is consistent with the manner in which illegal narcotics proceeds are packaged for transportation.

13. Based upon my training and experience, I know that drug traffickers often wrap and package United States currency in this manner in an attempt to conceal the odor of illegal narcotics on the currency in order to avoid detection by trained narcotics canines.

14. In addition, based upon my training and experience and KCPD Detective Garcia's training and experience, we know Houston, Texas is a source city for illegal narcotics. In KCPD Detective Garcia's 19 years working narcotics and narcotics proceeds interdiction cases, he has seized numerous parcels coming from Houston, TX that contained illegal narcotics.

15. Based upon my training and experience, I know that proceeds of drug trafficking generated in north and eastern states are generally routed to source states along the southern border of the United States. Furthermore, I know that couriers often use mail delivery methods to facilitate this movement due to lax identification requirements and the lack of security.

4

16.     In this case, the parcel originated in the east with a final destination in Texas, a border state and an area known to be connected to drug production and illegal distribution.

Parcel Shipper

17.     I conducted a Google search to check the address from which the parcel was shipped. I located the listed address, 1319 Jamestown Road Williamsburg, VA 23185, which is an office building. I performed another search through Google and found that the office building located at 1319 Jamestown Road Williamsburg, VA 23185 was listed on a real estate website as an active listing for sale. The active real estate listing provided a telephone number of 925-360-6829 for Mr. Grandziel Hartfield, a real estate agent for Coldwell Banker Commercial Brooks Real Estate.

18.     On September 14, 2021, I spoke to Mr. Hartfield and confirmed that the office building located at 1319 Jamestown Road Williamsburg, VA 23185 was still an active listing for sale and that the building had been vacant for approximately seven months. Mr. Hartfield stated that the building had been vacant and listed for sale since February 2021.

19.     I conducted a search of various law enforcement databases and could not locate any individual with the name H. Freeman Codwell Cyber. Given this, I believe this name, which was the listed name of the sender of the parcel, is a fictitious name.

20.     KCPD Detective Garcia had previously verified that the UPS tracking number for the parcel, 1Z 11R 9W7 01 1984 8883, confirmed the parcel was shipped from a location in Obetz, Ohio and not Williamsburg, Virginia as was written on the label. Based on my training and experience, I know that drug traffickers often utilize fictitious names, aliases, and addresses to avoid detection and to thwart law enforcement by concealing their true identity and whereabouts.

### Parcel recipient

21. On September 14, 2021, I conducted a Google search to check the address of the intended recipient for the parcel. I located the address, 1019 Elberta Street Houston, TX 77051. Based on the Google Maps images, 1019 Elberta Street Houston, TX 77051 appears to be a vacant lot. According to yellowpages.com, Envy Automotive is registered to 1019 Elberta Street Houston, TX 77051. I conducted a Google search for Envy Automotive located at 1019 Elberta Street Houston, TX 77051 which revealed a Facebook profile page titled "Envy Automotive," in which a telephone number of 832-581-3095 was listed.

22. The most recent posting on the "Envy Automotive" Facebook profile page was on September 21, 2013. I called telephone number 832-581-3095, but was immediately directed to a voicemail box. I attempted to call telephone number 832-581-3095 several times, but was unable to make contact with anyone. The Google search also revealed an Envy Automotive at a different address of 5027 Reed Road Houston, TX 77033, with a telephone number of 832-668-5206. I called telephone number 832-668-5206 several times but was unable to make contact with anyone.

23. I conducted a search of various law enforcement databases and located information for an Envy Auto Group LLC with an address of 9909 Harwin Drive, Ste R Houston, TX 77036. The certificate of formation listed a filing date of June 15, 2021. No telephone number could be found for Envy Auto Group LLC.

24. On September 17, 2021, I conducted a Google search of the address, 9909 Harwin Drive, Ste R Houston, TX 77036, and found that it was associated with a business complex. I located an active business within the business complex located at 9909 Harwin Drive Houston, TX 77036 and made contact with them. The business was unaware of an Envy Auto Group located within the same complex.

25. Based upon the above research I conducted, I believe that Envy Automotive

is no longer an active business and is not operating at 1019 Elberta Street Houston, TX 77051, which is the address listed as the recipient for Parcel One.

26. Based on my investigation, training and experience, and the facts set forth above, I believe that someone used fictitious names and addresses on the parcel in an attempt to complete a drug-related transaction by mail and avoid detection by law enforcement.

27. KCPD Property and Evidence Section conducted a count of the United States currency prior to taking custody of it. The United States currency in the parcel totaled $45,000. The United States currency was left in custody of the KCPD Property and Evidence Section, 2645 Brooklyn Avenue, Kansas City, Missouri.

28. The denominations in the parcel were identified as follows:

| Bundle #1 | | |
|---|---|---|
| # of Bills | Denomination | Total |
| 500 | $20 | $10,000 |
| **TOTAL** | | $10,000 |

| Bundle #2 | | |
|---|---|---|
| # of Bills | Denomination | Total |
| 500 | $20 | $10,000 |
| **TOTAL** | | $10,000 |

| Bundle #3 | | |
|---|---|---|
| # of Bills | Denomination | Total |
| 500 | $20 | $10,000 |
| **TOTAL** | | $10,000 |

| Bundle #4 | | |
|---|---|---|
| # of Bills | Denomination | Total |
| 210 | $20 | $4,200 |
| 16 | $50 | $800 |
| **TOTAL** | | $5,000 |

| Bundle #5 | | |
|---|---|---|
| # of Bills | Denomination | Total |
| 13 | $50 | $650 |
| 457 | $20 | $9,140 |
| 21 | $10 | $210 |
| **TOTAL** | | $10,000 |

| Bundle # | Amount |
|---|---|
| 1 | $10,000 |
| 2 | $10,000 |
| 3 | $10,000 |
| 4 | $5,000 |
| 5 | $10,000 |
| **TOTAL** | $45,000 |

29. On September 9, 2021, the Jackson County, Missouri Prosecutor's Office was notified of the seizure of the parcel. All applicable reports and seizure forms were forwarded to the county prosecutor.

30. On September 9, 2021, KCPD was notified via email that the Jackson County Prosecutor's Office declined to seek forfeiture of the United States currency.

**Applicable Forfeiture and Seizure Provisions**

31. I am advised that in a forfeiture case, the government has the initial burden of establishing probable cause to believe that a substantial connection exists between the property and the criminal activity (in this case, proceeds from distribution of a controlled substance or controlled analogue, or money used to facilitate illegal drug distribution in violation of 21 U.S.C. § 841). *United States v. One 1987 Mercedes Benz 300E,* 820 F. Supp. 248, 251 (E.D. Va. 1993). "Probable cause" means a reasonable ground for belief beyond mere suspicion but need not amount to *prima facie* proof. *Id*. at 251-52. In making the probable cause determination, courts may consider even information that might be

inadmissible hearsay at trial. *Id*.

32. I am further advised that 21 U.S.C. § 853(f) authorizes the issuance of seizure warrants for criminal forfeitures. Further, 21 U.S.C. § 853(a)(1) subjects to criminal forfeiture any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of violating federal narcotics laws and Section 853(a)(2) provides for criminal forfeiture of facilitating property.

33. I am also advised that 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(B) and (a)(3) authorize the issuance of seizure warrants for civil forfeitures. Further, 21 U.S.C. § 881(a)(6) provides for forfeiture of money furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate a violation of Sub-Chapter II of Chapter 13, Title 21.

## Conclusion

34. As set forth in this affidavit, there is probable cause to believe that the $45,000 in United States currency was furnished or intended to be furnished in exchange for a controlled substance or controlled substance analogue, is proceeds traceable to such an exchange, or was used or intended to be used to facilitate the commission of a violation of Sub-Chapter II of Chapter 13, Title 21, United States Code, 21 U.S.C. § 842 *et seq*.

35. Based on the facts and reasonable inferences set forth in this affidavit, I believe the $45,000 in United States currency is subject to seizure and forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) (civil forfeiture) and 21 U.S.C. § 853 (criminal forfeiture) as property constituting, or derived from proceeds obtained, directly or indirectly, as the result of a controlled substance violation and as moneys furnished or intended to be furnished by any person in exchange for a controlled substance.

Pursuant to 21 U.S.C. § 881(b), the Attorney General is authorized to seize drug proceeds in the manner set forth in 18 U.S.C. § 981(b).

The foregoing is true and correct to the best of my information and belief.

JENNIFER WALLER
Digitally signed by JENNIFER WALLER
Date: 2021.10.18 12:08:00 -05'00'

Jennifer Waller
Special Agent
Drug Enforcement Administration

Subscribed and sworn to me telephonically this 19th day of October, 2021.

Sworn to by telephone
9:56 AM, Oct 19, 2021

Lajuana M. Counts
United States Magistrate Judge

